IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIN TURNER<br>11 Cypress Rd.<br>Burlington, NJ 08016<br><br>   Plaintiff,<br><br>  v.<br><br>DRIVETIME CAR SALES<br>COMPANY, LLC d/b/a DRIVETIME<br>600 Creed Rd.<br>Delanco, NJ 08075<br><br>   Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Erin Turner (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against DriveTime Car Sales Company, Inc. d/b/a DriveTime (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*) and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the District of New Jersey.

5. Plaintiff is proceeding herein under the Title VII and has properly exhausted her administrative remedies (with respect to her Title VII claims) by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a company with a location in Delanco, NJ (the physical location at which Plaintiff worked) that engages in the business of selling used cars.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a female.

12. Plaintiff was hired by Defendant on or about March 21, 2016.

13. While employed with Defendant, Plaintiff was a dedicated and hard-working employee who performed her job well and lack any disciplinary concerns (until her discriminatory/retaliatory termination in or about April of 2017 – discussed *infra*).

14. During her employment with Defendant, Plaintiff held various positions; however, on or about January 3, 2017, Plaintiff was promoted to a Line Lead.

15. At the time Plaintiff was promoted to a Line Lead, she was the only female Line Lead.

16. Even though Plaintiff was offered a Line Lead position and was doing all the work of a Line Lead, she was not being paid the same as other male Line Leads and Defendant's refused to change her title in their system.

17. All male Line Leads working within Defendant were earning a salary of approximately $45,000-$46,000 per year and Plaintiff was only earning an hourly rate of $15.00 per hour.

18. Plaintiff complained to Defendant's management on multiple occasions between January of 2017 and April of 2017 regarding the discrepancy in her pay and the fact that she thought she was not being paid equally because she was a female.

19. In response to her aforesaid complaints of unequal pay and gender discrimination, Plaintiff was given the run around by Defendant's management and told to "be patient."

20. In or about the first week of April, 2017, Plaintiff again complained to Defendant's management, including but not limited to Jason Raysor (General Manager) and Mario Gomez (General Manager) that she believed she was not being treated fairly with regards to her pay because of her gender.

21. Plaintiff's aforesaid concerns of unequal pay and gender discrimination were again ignored and on April 21, 2017, she was abruptly terminated from her position with Defendant without any warning or progressive discipline.

22. In her termination letter, Defendant states that "Erin was aware that her time was being adjusted and manipulated on her time card to reflect time she didn't work, and didn't notify her direct supervisor. For example, on 4-10-17 Erin Turner returned back from lunch with a Line Lead from another department at 11:55 am and her time was adjusted by that same Line Lead to show 11:30 am."

23. The reasons given for Plaintiff's termination were completely pretextual and were selectively enforced against her.

24. For example, on April 10, 2017 a large group of employees went out to lunch (not just Plaintiff and another Line Lead – as indicated in Plaintiff's termination letter).

25. On April 10, 2017, almost every (if not every) employee who went out to lunch together (as discussed *supra*) were late returning from lunch.

26. Plaintiff's time was adjusted by Michael Restituto (Recon Manager), who was also out to lunch with the same group employees on April 10, 2017.

27. Upon information and belief, another hourly employee, who is male (Luis Morales), was also out to lunch with Plaintiff and the other employees on April 10, 2017 and had

4

returned late; however, it was never documented in his file that he came back late and upon information and belief, his time had also been adjusted but he was not terminated for same.

28. Furthermore, there has been multiple other occasions where Plaintiff's male co-workers would have their times adjusted by Defendant's management but they were not terminated for same.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Gender Discrimination and Retaliation)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was subjected to gender discrimination while employed with Defendant, including but not limited to having policies selectively enforced against her and not being paid equally as her male counterparts.

31. Plaintiff complained to Defendant's management that she believed she was being subjected to gender discrimination and was not being paid equally in comparison to her male counterparts.

32. Following Plaintiff's aforesaid complaints of discrimination, she was terminated from her employment for reasons selective enforced against her.

33. Plaintiff believes and therefore avers that she was terminated because of her gender and/or her complaints of gender discrimination.

34. Defendant's actions as aforesaid constitute violations of Title VII.

## Count II
## Violations of the New Jersey Law Against Discrimination
### (Gender Discrimination and Retaliation)

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff was subjected to gender discrimination while employed with Defendant, including but not limited to having policies selectively enforced against her and not being paid equally as her male counterparts.

37. Plaintiff complained to Defendant's management that she believed she was being subjected to gender discrimination and was not being paid equally in comparison to her male counterparts.

38. Following Plaintiff's aforesaid complaints of discrimination, she was terminated from her employment for reasons selective enforced against her.

39. Plaintiff believes and therefore avers that she was terminated because of her gender and/or her complaints of gender discrimination.

40. Defendant's actions as aforesaid constitute violations of Title VII.

## Count II
## Violation of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the Equal Pay Act - "EPA]
### (Discrimination & Retaliation)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was not properly paid an equal rate to her male counterparts.

43. Plaintiff complained to Defendant's management on multiple occasions that she believed she was not being paid the same or similar rate as her male counterparts because of her gender.

6

44. Plaintiff's aforesaid complaints under the Equal Pay Act were never properly investigated or resolved by Defendant's management.

45. Instead, Plaintiff was retaliated against and terminated for complaining of unequal pay based upon her gender. These actions are described in detail *supra*.

46. These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting gender discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.   Plaintiff is to receive a trial by jury.

                                            Respectfully submitted,

                                            **KARPF, KARPF & CERUTTI, P.C.**

                                    By:     _____
                                            Ari R. Karpf, Esq.
                                            3331 Street Road
                                            Two Greenwood Square
                                            Suite 128
                                            Bensalem, PA 19020
                                            (215) 639-0801

Dated: January 10, 2018